J-S10034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT ENDRIKAT | |
| Appellant | No. 1839 EDA 2014 |

Appeal from the Judgment of Sentence March 14, 2014
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0000505-2012

BEFORE:  GANTMAN, P.J., STABILE, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                **FILED MAY 05, 2015**

Appellant, Robert Endrikat, appeals from the judgment of sentence entered in the Monroe County Court of Common Pleas, following Appellant's jury trial convictions of involuntary deviate sexual intercourse ("IDSI")—forcible compulsion, unlawful contact with a minor, corruption of minors, sexual assault, indecent assault—without consent, and indecent assault—forcible compulsion.[1]  We affirm.

The trial court's opinion sets forth the relevant facts and procedural history of this case as follows:

_____

[1]  18 Pa.C.S.A. §§ 3123(a)(1), 6318(a)(1), 6301(a)(1)(ii), 3124.1, 3126(a)(1), and 3126(a)(2), respectively.

_____

*Retired Senior Judge assigned to the Superior Court.

On May 21, 2012, the Commonwealth filed the Information charging [Appellant] with Rape by Forcible Compulsion, [IDSI], Unlawful Contact with a Minor, Sexual Assault, Corruption of Minors and Indecent Assault.

On January 15, 2013, [Appellant] filed an Omnibus Motion challenging the *prima facie* case. On March 21, 2013, [the court] held a hearing on the Omnibus Motion. On June 6, 2013, [the court] issued an opinion and order denying [Appellant's] Omnibus Motion.

On August 20, 2013, after a trial by jury, [Appellant] was convicted of all charges with the exception of Rape by Forcible Compulsion. Trial counsel, an attorney with the Public Defender's Office, then filed a petition for withdrawal after stating that relations with [Appellant] had broken down. On November 6, 2013, [the] [c]ourt allowed counsel to withdraw and appointed [new counsel] to act as counsel for [Appellant].

On December 9, 2013, [the court] granted [Appellant's] Motion for Transcripts.

On March 14, 2014, [the court] sentenced [Appellant] to a term of six years to twelve years on each of the charges of [IDSI], Unlawful Contact, and Corruption of Minors. All sentences were to run concurrently. [The court] also found that the charges of Sexual Assault, Indecent Assault without Consent and Indecent Assault by Forcible Compulsion merged with [IDSI] for sentencing purposes. Therefore, [the court] imposed no additional sentence on those charges.

On March 24, 2014, [Appellant] filed the Post-Sentence Motions. The Commonwealth also filed its own Motion for Reconsideration of sentence.[2]

_____

[2] The Commonwealth complained Appellant's sentence was too lenient and sought imposition of consecutive terms of incarceration in the aggravated range of the sentencing guidelines.

On May 23, 2014, [the court] held a hearing on the [post-sentence] motions and the parties filed briefs. …

(Post-Sentence Motion Opinion, filed June 4, 2014, at 1-2). The court subsequently denied both Appellant's and the Commonwealth's post-sentence motions on June 4, 2014. On June 24, 2014, Appellant timely filed a notice of appeal. The court ordered Appellant on July 10, 2014, to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on July 31, 2014.

Appellant raises the following issues for our review:

WHETHER IT WAS AN ABUSE OF DISCRETION TO DENY [APPELLANT'S] MOTION FOR MISTRIAL AFTER THE ALLEGED VICTIM'S OUTBURST?

WHETHER THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN THE VERDICT WHERE THERE WAS NO EVIDENCE OF FORCIBLE COMPULSION, THREAT OF FORCIBLE COMPULSION, OR THAT THE ALLEGED VICTIM WAS UNCONSCIOUS OR MENTALLY DEFICIENT AND INCAPABLE OF CONSENT.

WHETHER THE VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE BASED ON THE CONFLICTING TESTIMONY OF THE ALLEGED VICTIM, AND THE LACK OF EVIDENCE OF FORCIBLE COMPULSION OR LACK OF CONSENT.

WHETHER THE TRIAL COURT ABUSED ITS DISCRETION BY RELYING ON AGGRAVATING CIRCUMSTANCES THAT ARE ENCOMPASSED IN THE ELEMENTS OF THE OFFENSES AND TAKEN INTO CONSIDERATION BY THE OFFENSE GRAVITY AND STATUTORY CLASSIFICATIONS OF THE CRIME.

(Appellant's Brief at 7).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Stephen M.

Higgins, we conclude Appellant's issues one through three merit no relief. The trial court's opinion comprehensively discusses and properly disposes of the questions presented. (*See* Post-Sentence Motion Opinion at 7-15) (finding: **(1)** court issued curative instruction to jury to disregard victim's outbursts and conduct concerning anger towards Appellant; court reiterated curative instruction after closing arguments and told jury not to allow emotion to prejudice determination of facts; presumption exists that jury followed court's instructions; outburst did not unfairly prejudice Appellant, because jury already knew victim was angry with Appellant; likewise, Appellant made no effort to explain how victim's outburst unduly prejudiced Appellant; Appellant's failure to raise at trial or in post-sentence motion challenge to victim's characterization of Appellant's behavior prevented court from considering prejudice in this circumstance as basis for mistrial; **(2)** victim's initial statement that "Billy" raped victim does not indicate mistaken identity because Commonwealth's DNA expert testified that swabs of victim's penis revealed twenty-three-trillion-to-one chance that Appellant's DNA was present in form of saliva, victim identified Appellant as rapist, victim's first meeting of Appellant on day of incident could explain why victim used wrong name to identify Appellant as "Billy" instead of "Bob"; Appellant's claim that another individual named "Billy" raped victim lacks any support; jury could reasonably believe victim's representations and determine Appellant was properly identified as rapist; Appellant cites no authority to support claim

that expert testimony was necessary, nor does he specify what required expert testimony; Appellant did not raise objection at trial regarding lack of expert testimony; evidence of victim's "mental deficiency" was not present in case, as Commonwealth did not proceed under theory that victim was intellectually disabled; evidence of victim's "emotional deficiency" was relevant factor in considering whether victim suffered psychological forcible compulsion; expert evidence of victim's "emotional deficiency" was unnecessary because jury learned victim was adjudicated delinquent, victim testified to emotional instability due to anger issues, and victim demonstrated emotional difficulties at trial by breaking down on stand, refusing to testify, and yelling at Appellant; several factors supported jury's guilty verdict, including: Appellant was in his fifties and victim was only sixteen years old, Appellant was larger than victim, Appellant deceived victim by representing to his mother that Appellant mentored youth and was trained in therapeutic methods, Appellant isolated victim by bringing him to Appellant's home at night in rural setting with which victim was unfamiliar, Appellant purported to have authority by telling victim that Appellant knew of therapy for dealing with anger, Appellant used his legs to pin victim's arms during one of massages, Appellant grabbed victim's penis without informing victim or asking for his consent, Appellant continued with charade that massages were medical treatment even after Appellant asked victim if he wanted more and victim replied "no," victim looked for opportunity to

escape and ran to neighbor's home without shoes, victim began crying when he reached neighbor's home and indicated he had been raped, Appellant was observed near neighbor's home looking for victim with flashlight, Appellant left in his car and was stopped by state police, Appellant's DNA was found on victim's penis corroborating victim's account of events, and victim's mother called Appellant three times to speak with victim, but each time Appellant represented that victim was unavailable for various reasons; victim's age, lack of judgment, and emotional vulnerability made him prime target for Appellant and allowed Appellant to manipulate victim; evidence at trial was sufficient to find forcible compulsion; **(3)** verdict was not against weight of evidence; evidence that forcible compulsion was largely non-physical, victim did not fight Appellant, and victim voluntarily complied with Appellant's instructions were explained by surrounding circumstances, which allowed jury to determine reasonably that victim was forcibly compelled; all evidence in support of sufficiency indicates Appellant is not entitled to relief).  The record supports the trial court's decision to deny relief on these issues. Therefore, we see no reason to disturb it.  Accordingly, we affirm Appellant's issues one through three on the basis of the trial court's opinion.

In his final issue, Appellant argues the aggravating circumstances of Appellant being in a position of trust, his seeking to take advantage of the young victim to assault him sexually, and the victim's suffering after the sexual assault occurred, were improperly considered in the imposition of

Appellant's sentence. Appellant contends the court already considered these circumstances in the elements of the offenses, the offense gravity score, and the statutory classifications of the crimes. Specifically, Appellant maintains his position of trust was considered in determining the sufficiency of the evidence for forcible compulsion, the victim's youth was encompassed in the examination of the evidence for unlawful contact with a minor and corruption of a minor, and the victim's suffering was accounted for when the court took the effect of the crime on the victim into consideration for the classification of Appellant's offenses and his offense gravity score. Appellant concludes this Court should vacate the judgment of sentence and remand for further proceedings. Appellant challenges the discretionary aspects of his sentence. *Commonwealth v. Anderson*, 830 A.2d 1013 (Pa.Super. 2003) (stating claim that court considered improper factors at sentencing refers to discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *See* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *See* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the

Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. **Commonwealth v. Mouzon**, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). The concise statement must indicate "where the sentence falls in relation to the sentencing guidelines and what particular provision of the code it violates." **Commonwealth v. Kiesel**, 854 A.2d 530, 532 (Pa.Super. 2004) (quoting **Commonwealth v. Goggins**, 748 A.2d 721, 727 (Pa.Super. 2000), *appeal denied,* 563 Pa. 672, 759 A.2d 920 (2000)). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal 'furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to exceptional cases.'" **Commonwealth v. Williams**, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*).

> [O]nly where the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process, will such a statement be deemed adequate to raise a

substantial question so as to permit a grant of allowance of appeal of the discretionary aspects of the sentence. *See* [*Commonwealth v. Koehler*, 558 Pa. 334, 370, 737 A.2d 225, 244 (1999)] (party must articulate why sentence raises doubts that sentence was improper under the Sentencing Code).

*Mouzon, supra* at 435, 812 A.2d at 627.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Anderson*, 830 A.2d 1013 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra, supra* at 912-13. An appellant raises a substantial question where he alleges an excessive sentence due to the court's reliance on impermissible factors. *Commonwealth v. McNabb*, 819 A.2d 54 (Pa.Super. 2003).

Instantly, Appellant preserved his discretionary aspects of sentencing claim in his post-sentence motion and Rule 2119(f) statement. *See Evans, supra*. Moreover, Appellant's claim raises a substantial question. *See McNabb, supra*. Nevertheless, the court determined:

> First, that [Appellant] was in a position of trust. [Appellant] was given supervision of the victim by the victim's mother, allegedly to employ the victim and to engage in mentoring. The trial record supports this. Being in a position of trust is clearly not an element of the crime and we believed it to be an appropriate aggravating factor in considering [Appellant's] sentence.

Second, that [Appellant] sought to take advantage of a youthful victim to sexually assault him. This is approximately the wording employed in the Pre-Sentence Investigation and the way the aggravator was discussed at the sentencing hearing. We did not understand this wording to mean that [Appellant] engaged in conduct[,] which constituted some form of sexual assault. By definition, that is the offense itself and is necessarily considered in the sentencing guidelines. As such, we do not believe it could constitute a legitimate aggravator. Rather, we viewed this aggravator as having to do with [Appellant's] planning to commit this crime and the predatory nature of what he planned to do, *i.e.* the targeting of a vulnerable youth. This is not an element of the crime and not all rapes necessarily include this type of behavior. This conduct certainly worsens [Appellant's] offense and we properly considered it as an aggravator in sentencing.

Third, and finally, we considered the victim's suffering after being raped by [Appellant]. This particular victim was already a "troubled youth" prior to being raped by [Appellant] and his subsequent suffering from this encounter has done him more harm. Every victim suffers and is harmed, in a near permanent way, from such a violating and severe betrayal by a fellow human being. However, we viewed the inherent seriousness of rape alongside the particular suffering of this victim in considering how this should aggravate [Appellant's] sentence.

In sum, we properly considered these aggravators in determining [Appellant's] sentence.

(Post-Sentence Motion Opinion at 16-17) (internal citations and footnotes omitted). We accept the court's conclusions. Thus, Appellant's discretionary aspects of sentencing claim merits no relief. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/5/2015